# SUPREME COURT OF THE UNITED STATES

CHRIS LUSBY TAYLOR, ET AL. *v.* BETTY YEE,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS STATE
CONTROLLER OF THE STATE OF CALIFORNIA, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 15–169.   Decided February 29, 2016

The motion of Shareholder Services Association and The Securities Transfer Association for leave to file a brief as amicus curiae is granted.  The motion of Unclaimed Property Professionals Organization for leave to file a brief as amicus curiae is granted.  The petition for writ of certiorari is denied.

JUSTICE ALITO, with whom JUSTICE THOMAS joins, concurring in the denial of certiorari.

California's Unclaimed Property Law, Cal. Civ. Proc. Code Ann. §1510 *et seq.* (West 2007 and Cum. Supp. 2016), permits the State to confiscate forgotten security deposits, uncashed money orders, unused insurance benefits, idle shares of stock, and even the undisturbed contents of safe-deposit boxes and bank accounts if those assets lie dormant for the statutorily required time period (in this case, three years).  Unless the forgotten property's rightful owner can be located, the State uses the funds in these accounts for its own benefit.

The petition in this case asks us to decide whether the California law provides property owners with constitutionally sufficient notice before escheating their financial assets.  The Due Process Clause requires States to give adequate notice before seizing private property.  *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U. S. 306, 313 (1950) (Although "[m]any controversies have raged about the cryptic and abstract words of the Due Process Clause," that provision undoubtedly requires that, before seizing

private property, the government must give "notice and opportunity for hearing appropriate to the nature of the case"). When a State is required to give notice, it must do so through processes "reasonably calculated" to reach the interested party—here, the property owner. See *id.*, at 318. Because the seizure of private property is no small thing, notification procedures may not be empty rituals: "[P]rocess which is a mere gesture is not due process." *Id.*, at 315. Whether the means and methods employed by a State to notify owners of a pending escheat meet the constitutional floor is an important question.

In recent years, States have shortened the periods during which property must lie dormant before being labeled abandoned and subject to seizure. See Bower, Note, Inequitable Escheat?: Reflecting on Unclaimed Property Law and the Supreme Court's Interstate Escheat Framework, 74 Ohio St. L. J. 515, 529, n. 81 (2013) (noting that New York, Michigan, Indiana, New Jersey, and Arizona all recently shortened their dormancy periods from as long as 15 years to merely 3). And some States still rely on decidedly old-fashioned methods that are unlikely to be effective. See, *e.g.*, Del. Code, Tit. 12, §1172 (2007 and Cum. Supp. 2014) (relying only on blanket newspaper notification).

This trend—combining shortened escheat periods with minimal notification procedures—raises important due process concerns. As advances in technology make it easier and easier to identify and locate property owners, many States appear to be doing less and less to meet their constitutional obligation to provide adequate notice before escheating private property. Cash-strapped States undoubtedly have a real interest in taking advantage of truly abandoned property to shore up state budgets. But they also have an obligation to return property when its owner can be located. To do that, States must employ notification procedures designed to provide the pre-escheat notice

ALITO, J., concurring

the Constitution requires.

The convoluted history of this case makes it a poor vehicle for reviewing the important question it presents, and therefore I concur in the denial of review. But the constitutionality of current state escheat laws is a question that may merit review in a future case.